The HOME INSURANCE COMPANY,
Plaintiff/counterdefendant,

v.

David WIENER, Mark Lieberman, and
Melvin H. Sullivan,
Defendants/counterplaintiffs.

No. 88 C 9223.

United States District Court,
N.D. Illinois, E.D.

July 27, 1989.

John F. Horvath and Peter A. Quilici, Horvath & Wigoda, Chicago, Ill., for plaintiff/counterdefendant.

William J. Harte and David J. Walker, William J. Harte, Ltd., Chicago, Ill., for defendants/counterplaintiffs.

ORDER

BUA, District Judge.

This case involves the construction of a professional liability insurance policy issued by plaintiff-counterdefendant Home Insurance Company ("Home") to the two defendants-counterplaintiffs, attorneys David Wiener and Mark Lieberman. Home filed a complaint asking the court to enter a declaratory judgment proclaiming that the policy does not provide any coverage for a legal malpractice suit filed against Wiener and Lieberman by Melvin H. Sullivan in August 1988. Wiener and Lieberman filed a counterclaim also seeking declaratory relief. In their counterclaim, Wiener and Lieberman contend that there are two claims arising out of Sullivan's malpractice suit—one claim for Wiener's alleged negligence, and another for Lieberman's alleged negligence. Based on this

contention, the counterclaim requests the court to find that if Home's policy does provide coverage for Sullivan's suit, Home is liable for up to $180,000 under the policy, which includes a $100,000 per claim limit of liability and a $10,000 per claim deductible. This order concerns the parties' cross motions for summary judgment on the counterclaim. For the reasons stated herein, Home's motion for summary judgment on the counterclaim is granted; Wiener's and Lieberman's similar motion is denied.

Sullivan's malpractice action complains of Wiener's and Lieberman's representation of Sullivan in a 1979 case in which Sullivan was convicted of murder. Wiener was appointed to represent Sullivan on July 17, 1979, and handled the case for about four months. Lieberman, one of Wiener's associates, took the case over from Wiener in early November 1979. Lieberman prepared the case for trial and represented Sullivan at his trial on November 26, 1979. Sullivan's malpractice suit alleges that both Wiener and Lieberman failed to locate, interrogate, or procure the testimony of five separate eyewitnesses to the murder whose testimony would have exculpated Sullivan. Sullivan claims that he was convicted and imprisoned as a direct result of Wiener's and Lieberman's negligence in failing to procure the exculpatory testimony.

Wiener and Lieberman argue that since they acted independently of each other in handling Sullivan's case, their alleged acts of negligence give rise to two separate claims under their professional liability policy. However, as Home points out, the policy has a specific provision which addresses the circumstances present here. In relevant part, the provision reads:

LIMITS OF LIABILITY

\*    \*    \*    \*    \*    \*

IV. Multiple ... Claims:

\*    \*    \*    \*    \*    \*

*Two or more claims arising out of a single act, error, omission or personal injury or a series of related acts, errors, omissions or personal injuries shall be treated as a single claim.*

(Emphasis added.) Under this provision, the fact that Wiener's and Lieberman's alleged negligent acts were committed independently does not operate to increase Home's limit of liability. "Personal injury" is defined in the policy as including "detention or imprisonment." Both Wiener's and Lieberman's claims against the policy clearly arise out of a single personal injury— Sullivan's allegedly wrongful imprisonment. Therefore, under the plain, unambiguous language in the policy's multiple claims provision, Wiener's and Lieberman's claims must be treated as a single claim in computing Home's limit of liability. Accordingly, the court finds that in the event it is determined that the policy provides coverage to Wiener and Lieberman for Sullivan's malpractice suit, Home's limit of liability is only $90,000. Summary judgment is entered in favor of Home on Wiener's and Lieberman's counterclaim.